Stacy A. Smith, Esq. (CA Bar No. 219034)
PIERCE & SHEARER LLP
2483 East Bayshore Road, Suite 202
Palo Alto, CA 94303
Telephone: (650) 843-1900
Facsimile: (650) 843-1999

Attorneys for Plaintiff AMERICAN MOTORISTS INSURANCE COMPANY

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| AMERICAN MOTORISTS INSURANCE COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>CRP CONSTRUCTION COMPANY; DMA GILROY PARTNERS, LLC; RONALD DANIELS; STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF TRANSPORTATION; CITY OF GILROY; CHRISP COMPANY; KEITH B. HIGGINS AND ASSOCIATES, INC.; ROBERT F. ENZ CONSTRUCTION, INC., and DOES 1 through 30,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**JURY DEMANDED** |

Plaintiff American Motorists Insurance company ("AMICO"), by and through its

attorneys, Pierce & Shearer, LLP, for its Complaint for Declaratory Judgment against

1
**COMPLAINT FOR DECLARATORY JUDGMENT**

Defendants CRP Construction Company ("CRP") and DMA Gilroy Partners, LLC ("DMA"), states as follows:

## *INTRODUCTION*

1.     Plaintiff AMICO brings this action for declaratory judgment pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure. As set forth herein, there is an actual, substantial, and continuing justiciable controversy between AMICO and Defendants of sufficient immediacy and reality so as to require a declaration of rights by this Court.

2.     AMICO seeks a declaration that it has no duty to defend or indemnify CRP and DMA in a lawsuit alleging that CRP and DMA, general contractors hired to perform off-site roadway and traffic signal improvements in Gilroy, California, are liable for the alleged negligent placement of road signs which proximately caused a motorcycle accident and resulting personal injuries to the underlying plaintiff.

3.     AMICO has no duty to defend or indemnify CRP or DMA in the underlying action because neither CRP nor DMA are named, or additional, insureds under the AMICO insurance policy effective during the time of the underlying accident.

4.     In addition, because a "professional services" exclusion applies to the named insured under the relevant insurance policy, even if CRP and DMA are each deemed to be insureds, they are both subject to the same exclusion applicable to the named insured and no coverage will be afforded.

5.     The defendants named herein, other the CRP and DMA, are named solely to

the extent they are necessary parties to this dispute and no relief is sought from them and AMICO will dismiss them if those parties will stipulate to be bound by the determinations of this court in respect to the declaratory relief sought in respect to CRP and DMA.

## *JURISDICTION AND INTRADISTRICT VENUE*

6. This Court has jurisdiction over the present matter pursuant to 28 U.S.C. §1332(a), as this action is between citizens of different states and the amount in controversy in the underlying lawsuit, which is the subject of this action, exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in the Northern District of California, San Jose Division, pursuant to 28 U.S.C. §1391(a), as the alleged acts giving rise to the underlying claim herein occurred in Santa Clara County, which is located within the Northern District of California, and one of the Defendants (CRP) maintains its principal place of business in Santa Clara County.

## *THE PARTIES*

8. AMICO is an entity incorporated under the laws of the State of Illinois. AMICO is in the business of providing property-casualty insurance and risk management services, including, without limitation, a wide array of business and personal insurance products.

9. Upon information and belief, CRP is a California corporation with its principal place of business in the County of Santa Clara, California. CRP is in the construction business.

10. Upon information and belief, DMA is a California limited liability company with its principal place of business in Santa Ana, California. DMA is believed to be the parent company of CRP.

11. Upon information and belief, the named insured under the relevant AMICO policy, Keith B. Higgins & Associates, Inc. ("Higgins"), was hired by CRP and DMA as a subcontractor pursuant to two proposals (dated May 2, 2001 and August 15, 2001, respectively) to design and coordinate, together with Cal Trans and the City of Gilroy, certain road improvements along Hecker Pass Highway in Santa Clara County, near the residential development known as Village Green Estates. (Copies of the two subcontract proposals are attached hereto as Exhibits A and B, respectively.)

12. The true names and capacities of defendants DOES 1 through 30 are unknown to Plaintiff. Plaintiff is also unaware of facts giving it a cause of action against DOES 1 through 30 as is unaware of the law that give s it a cause of action against DOES 1 through 30. Plaintiff, therefore, sues these defendants by fictitious names. Plaintiff will seek leave of court to amend this complaint to assert the true names and capacities of the fictitiously named defendants when they are ascertained.

## *THE UNDERLYING ACTION*

13. CRP and DMA are named defendants in an action pending in the Superior Court of California – Santa Clara County, captioned *Ronald Daniels, et al. v. State of California, et al.,* corresponding with case number 1-04-CV-013479 (the "Action"). The matter was initiated by Ronald Daniels ("Daniels") on January 29, 2004.

14. The Action arises from alleged injuries that Daniels suffered on June 28, 2003 in connection with a motorcycle accident on a stretch of Hecker Pass Highway adjacent to the Village Green Estates development.

15. On December 11, 2006 and January 22, 2007, respectively, Daniels amended his complaint in the Action to identify certain "Does" (including CRP and DMA, among others); however, no new or revised allegations were submitted. (The initial complaint and its amendments are collectively referred to as the "Complaint.")

16. The Complaint asserts counts for general negligence and premises liability. (A copy of the Complaint is attached hereto as Exhibit C.)

17. Specifically, the Complaint alleges the following bases for general negligence:

> Plaintiff injured himself in a motorcycle accident that resulted from a sign pole being bent into traffic and into the roadway. The [Defendants] knew, or should have known, about the sign being bent into traffic and the roadway. (Exhibit C, at p. 4.)

18. The Complaint also provides the following description of the circumstances of injury for the premises liability cause of action:

> Plaintiff injured himself in a motorcycle accident that resulted from a sign pole being bent into traffic and into the roadway. The accident occurred on Hecker Pass Highway. The sign was originally erected and should have been properly maintained by the State of California, Cal Trans [or both]. The damaged roadway sign was on the property of the State of California, Cal Trans, etc. The State of California, Cal Trans, City of Gilroy and Does 1-50, inclusive, knew, or should have known, about the sign being bent into traffic and the roadway. (Exhibit C, p. 5.)

## *AMICO'S POLICY*

19. AMICO issued a Kemper Premier Businessowners Special Policy to Keith B. Higgins & Associates, Inc. ("Higgins") covering the period from November 20, 2002 through November 20, 2003 (Policy Number 7RS 668 450-02) (the Primary Policy"). (A copy of the Primary Policy is attached hereto as Exhibit D.)

20. As reflected therein, the Primary Policy contains a $1 million per occurrence limitation of liability and a $2 million aggregate limit. Additionally, with respect to the same applicable coverage period, and under the same policy number, AMICO issued commercial catastrophe coverage (*i.e.,* excess/umbrella coverage) which carried limits of $1 million per occurrence and $1 million in the aggregate and contained the same or similar relevant terms, conditions and exclusions as the Primary Policy (the "Catastrophe Policy"). (A copy of the Commercial Catastrophe Policy is attached hereto as Exhibit E.) The Primary Policy and the Commercial Catastrophe Policy are referred to herein as the "Policies."

## *COUNT I – DECLARATORY JUDGMENT*

### *(Against CRP and DMA)*

21. AMICO realleges and incorporates by reference Paragraphs 1 through 20 above.

22. Higgins is the named insured on the Policies.

23. CRP is not identified as an insured or "additional insured" anywhere in either of the Policies.

24. DMA is not identified as an insured or "additional insured" anywhere in either of the Policies.

25. Upon information and belief, CRP and DMA also are not an owner, lender, director, officer, employee or agent of Higgins.

26. Under Section C of the Primary Policy, Who Is An Insured, subparagraph 5, provides in relevant part:

> 5. Additional Insured -- by Contract, Agreement or Permit
>
> Any person or organization (named above) to whom or to which you are obligated **by virtue of a written contract, agreement or permit to provide such insurance** as afforded by this policy is an insured, but only with respect to liability arising out of:
>
> a. "Your work" for that insured by you, including work or operations performed on your behalf for that insured;
>
> b. Permits issued by state or political subdivisions for operations performed by you; or
>
> c. Premises you own rent, occupy or use.
>
> (Exhibit D, Kemper Premier Endorsement for Architecture and Engineering Firms, at p. 7.) [Emphasis added.]

27. Likewise, the Catastrophe Policy provides in Section III, Who Is An Insured, under subparagraph 3, that "anyone who is an insured under the 'underlying insurance' [the Primary Policy] is an insured, but only to the extent the 'underlying insurance' applies."

28. Like the Primary Policy, the Catastrophe Policy also provides in Section III, Who Is An Insured, under subparagraph 4:

> Any person or organization to whom or to which you are obligated by virtue of a written contract to provide such insurance as afforded by this Coverage Part is an insured, but only with respect to liability arising out of "your work," "your product" and to property owned or used by you.

(Exhibit E, at p. 9.)

29. CRP and DMA have claimed that Higgins had a written contract to provide the insurance that exists under the Polices and, therefore, they have claimed that they are additional insureds under the Polices.

30. Based on CRP and DMA's claims for coverage under the Policies, Higgins never entered into any agreement or contract, in writing, reflecting an obligation to provide insurance for the general contractor (CRP/DMA) responsible for the Santa Clara roadway project and AMICO is unaware of any such agreement or contract. Therefore, AMICO has denied coverage to CRP and DMA fully reserving its rights.

31. Thus, neither CRP or DMA is an insured or "additional insured" under the Polices and there is no coverage afforded to either party under the Policies.

32. In addition, the Primary Policy contains the following "professional services exclusion":

> j. Professional Services
>
> [This insurance does not apply to:] "Bodily injury," "property damage," "personal injury" or "advertising injury" due to rendering or failure to render any professional service. This includes but is not limited to:

…

(2) Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;

(3) Supervisory, inspection or engineering services…

(Exhibit D, Businessowners Liability Coverage Form, at p. 5.)

33. Likewise, the Catastrophe Policy contains the following "professional services exclusion" that provides, in relevant part that the Catastrophe Policy does not apply to:

p. Professional Liability

"Bodily injury," "property damage," "personal injury" or "advertising injury" due to rendering or failure to render any professional service. This includes but is not limited to:
…

2) Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;

3) Supervisory, inspection or engineering services;

(Exhibit E, at p. 8.)

34. Higgins was hired solely to perform the design of off-site improvements at and around the Village Green Estates residential development. (*See generally,* Exhibits A and B.) These services included, without limitation, data collection, utility and survey data, data review and site visits, project coordination, and development of base plans and conceptual improvement plans. (*See Id.*)

35. Because the purported additional insureds are ostensibly covered "only with respect to liability arising out of [the named insured's] work," the "professional services" exclusion in the Policies likewise precludes coverage for CRP and DMA.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff American Motorists Insurance Company respectfully requests that this Court find and declare as follows:

A. That AMICO has no duty to defend, pay defense costs on behalf of, or otherwise indemnify, Defendants CRP Construction Company or DMA Gilroy Partners, LLC in connection with the underlying lawsuit captioned *Ronald Daniels, et al. v. State of California, et al.,* corresponding with case number 1-04-CV-013479, which matter is currently pending in the Superior Court of California – Santa Clara County;

B. That Defendants herein have no right, title or interest in or to the Policies with respect to the underlying lawsuit captioned *Ronald Daniels, et al. v. State of California, et al.,* corresponding with case number 1-04-CV-013479, which matter is currently pending in the Superior Court of California – Santa Clara County; and

C. For such other and further relief as this Court deems just and appropriate under the evidence and circumstances.

//

//

//

### *REQUEST FOR JURY TRIAL*

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: October ___, 2007                    Respectfully Submitted,

                                                  PIERCE & SHEARER, LLP

                                                  By: _____
                                                        Stacy A. Smith
                                                        Attorneys for AMERICAN MOTORISTS
                                                        INSURANCE COMPANY

**PIERCE & SHEARER LLP**
2483 E. Bayshore Road, Suite 202, Palo Alto, CA 94303
PHONE (650) 843-1900 • FAX (650) 843-1999

**COMPLAINT FOR DECLARATORY JUDGMENT**